IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


STEPHEN C. ADAMS,

                        Petitioner,

            v.                              CASE NO. 05-3427-RDR

JAMES W. HARRISON, JR.,

                        Respondent.



<u>ORDER</u>

    Petitioner, a prisoner confined in the United States
Disciplinary Barracks in Fort Leavenworth, Kansas, proceeds pro se
on a petition for writ of habeas corpus under 28 U.S.C. § 2241.
Having reviewed the record which includes respondent's answer and
return and petitioner's traverse, the court finds as follows.

BACKGROUND AND CLAIMS

    Petitioner was convicted on his plea on charges of solicitation
of murder and conspiracy to commit murder, in violation of Articles
134 and 81 in the Uniform Code of Military Justice (UCMJ).   He
appealed his conviction to the Army Court of Criminal Appeals
(ACCA), and personally asserted claims pursuant to <u>U.S. v.
Grostefon</u>.[1]  Petitioner's <u>Grostefon</u> brief included his claim that he
was denied a speedy trial under Article 10 of the UCMJ, Rule 707 of
the Manual for Courts-Martial (RCM), and the Fifth and Sixth
Amendments to the United States Constitution and related case law.

_____

    [1]12 M.J. 431 (C.M.A. 1982)(<u>Grostefon</u> provides that a petitioner
may personally raise issues before the military appellate courts for
review).

It also included his claim that defense counsel was ineffective, in part, by failing to adequately research and protect petitioner's right to a speedy trial. The ACCA affirmed the findings and sentence of the trial court.[2] The Court of Appeals for the Armed Forces (CAAF) granted review and affirmed with slight modification of one of the charges.[3] Issues briefed before the CAAF included petitioner's <u>Grostefon</u> issues that he was denied a speedy trial, and that his trial counsel was ineffective in failing to recognize and litigate petitioner's speedy trial claims. The Supreme Court denied petitioner's petition for *certiorari* review.[4]

Petitioner stipulated to the facts underlying the charged offenses, and does not challenge in this habeas action the factual basis for his conviction. Instead, petitioner seeks habeas corpus relief on claims that he was denied his right to a speedy trial under RCM 707, Article 10 of the UCMJ, and the United States Constitution, and that petitioner was denied the effective assistance of counsel because his civilian defense counsel failed to raise or advance speedy trial issues.

STANDARD OF REVIEW

Habeas corpus relief can be granted under 28 U.S.C. § 2241 to a federal prisoner who demonstrates he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). However, a federal court's habeas corpus review

---

[2]<u>U.S. v. Adams</u>, U.S. Army Court of Criminal Appeals (August 6, 2004)(*per curiam*).

[3]<u>U.S. v. Adams</u>, 61 M.J. 16 (U.S. Armed Forces Feb 16, 2005), *reconsideration denied*, 61 M.J. 210 (May 11, 2005).

[4]546 U.S. 911 (October 3, 2005)(Mem).

of military court-martial proceedings is quite limited.[5]  The scope
of review is initially limited to determining whether the claims
raised by a petitioner were given full and fair consideration by the
military courts.   Lips v. Commandant, United States Disciplinary
Barracks, 997 F.2d 808 (10th Cir. 1993), *cert. denied*, 510 U.S. 1091
(1994); Burns v. Wilson, 346 U.S. 137, 144 (1953).  If the issues
have been given full and fair consideration in the military courts,
the district court should not reach the merits and should deny the
petition.  Lips, 997 F.2d at 810.

An issue is deemed to have been given "full and fair
consideration" when it has been briefed and argued, even if the
military court summarily disposed of the matter.   Watson v.
McCotter, 782 F.2d 143, 145 (10th Cir.), *cert. denied*, 476 U.S. 1184
(1986); Lips, 997 F.2d at 812, n.2.  The fact that the military
court did not specifically address the issue in a written opinion is
not controlling.  Watson, 782 F.2d at 145.  The burden is on the
petitioner to show that military review was "leally inadequate" to
resolve his claims.  Watson, 782 F.2d at 144, *citing* Burns, 346 U.S.
at 146.

Additionally, a federal habeas court will not review claims
that were not raised before the military courts, Watson, 782 F.2d at
145, unless the petitioner shows both cause excusing the procedural
default and actual prejudice resulting from the error.  Lips, 997

---

[5]District court review is limited because "the military has its
own independent criminal justice system governed by the Uniform Code
of  Military  Justice."   Lips  v.  Commandant,  United  States
Disciplinary Barracks, 997 F.2d 808, 810 (10th Cir), *cert. denied*,
510 U.S. 1091 (1993).  The military code is "all-inclusive and
provides, *inter alia*, for courts-martial, appellate review, and
limited certiorari review by the United States Supreme Court."  Id.

F.2d at 812; <u>Wolff v. United States</u>, 737 F.2d 877 (10th Cir.), *cert. denied*, 469 U.S. 1076 (1984).

The Tenth Circuit Court of Appeals has adopted four factors to be used "for guidance in determining when to review a claim made in a habeas corpus petition" filed my a military prisoner: (1) the alleged error must present a significant constitutional question; (2) the issue must be one of law rather than a disputed fact already resolved by the military courts; (3) unique military considerations may warrant different treatment of a constitutional issue; and (4) whether the military courts applied the correct legal standards and gave appropriate consideration to the claims. <u>Roberts v. Callahan</u>, 321 F.3d 994, 996 (10th Cir. 2003), *citing* <u>Dodson v. Zelez</u>, 917 F.2d 1250 (10th Cir. 1990); <u>Lips</u>, 997 F.2d at 811.

                              DISCUSSION

Respondents contend the petition should be dismissed because petitioner's claims have been fully and fairly considered by the military courts.  Respondents argue that all issues presented in petitioner's habeas application were argued before the ACCA and then submitted for appeal to the CAAF, and that petitioner has made no showing that military review of his issues was in any way "inadequate" for the purpose of allowing further review by this court.  The court agrees.

Petitioner counters, in part, that there is plain error in the government's counting of attributable and excludable days, and claims the only remedy is for this court to conduct its own calculation to determine whether petitioner's right to a speedy trial was undermined.  It is well established, however, that federal habeas review of a military court-martial conviction does not extend

                                    4

to this court's re-evaluation of the evidence.  <u>Burns v. Wilson</u>, 346
U.S. 137, 142 (1953); <u>Khan v. Hart</u>, 943 F.2d 1261, 1263 (10th Cir.
1991).

In <u>Dodson v. Zelez</u>, 917 F.2d 1250 (10th Cir. 1990), the Tenth
Circuit examined the district court's refusal to review a speedy
trial claim asserted by a military habeas petitioner, and stated:

> "[D]efendant's speedy trial claim was fully and fairly
> considered by the military courts. Although this claim
> presents a substantial constitutional issue, we hold that
> it is not open to our review because it is essentially a
> factual question and was fully and fairly considered by
> the military courts. The speedy trial issue was tried on
> stipulated facts. However, the essential question for the
> court to answer was whether the reasons given by the
> government were sufficient to justify the delay in
> defendant's trial. This is a factual question, and if we
> granted review it would require us to merely reevaluate
> the evidence. <u>Burns</u> clearly prohibits this type of review.
> "[W]hen a military decision has dealt fully and fairly
> with an allegation raised in that application, it is not
> open to a federal civil court to grant the writ simply to
> re-evaluate the evidence." <u>Burns</u>, 346 U.S. at 142, 73
> S.Ct. at 1049. This issue was also carefully considered by
> the Court of Military Review in a lengthy discussion, and
> it was summarily affirmed by the Court of Military
> Appeals. We hold that defendant's speedy trial claim was
> fully and fairly considered by the military courts, and we
> affirm the district court's refusal to review the issue."
> <u>Id</u>. at 1254.

The record in the present case likewise makes clear that
petitioner's arguments alleging speedy trial violations and
ineffective assistance of counsel were presented to and considered

under proper legal standards by the military courts. This constitutes full and fair consideration of these claims. <u>Watson</u>, 782 F.2d at 145.

In his traverse, petitioner argues for the first time that if a writ of habeas corpus does not issue in this matter, he is still entitled to release because his discharge from the service as part of his sentence renders him no longer subject to the UCMJ. Alternatively, petitioner argues the Court-Martial Convening Authority's approval of petitioner's court-martial sentence did not provide for nor enforce further confinement of petitioner after his discharge from the Armed Forces.

There is nothing in the record to indicate petitioner exhausted military remedies on either of these claims, and petitioner makes no showing of cause and prejudice for failing to do so. Habeas relief is thus foreclosed.

Furthermore, it is recognized that there is continuing military jurisdiction over petitioner until his court martial sentence has been served. <i>See</i> <u>Fisher v. Commander, Army Regional Confinement Facility</u>, 56 M.J. 691, 694 (N.M.Ct.Crim.App., 2001)("The issuance of the discharge certificate merely executed that part of the petitioner's sentence extending to the dishonorable discharge. It terminated his status as an active duty service member, but not his status as a "military prisoner." While confined, a military prisoner remains subject to the UCMJ even after he is discharged from military service.")(<i>citations omitted</i>); Article 2(a)(7) UCMJ, 10 U.S.C. § 802(a)(7)(persons subject to UCMJ include "[p]ersons in custody of the armed forces serving a sentence imposed by a court-martial").

CONCLUSION

The court has examined the military records provided and has considered the arguments specific to each claim asserted by petitioner, and finds no legal basis or circumstances warranting habeas review of petitioner's claims.  In light of the limited standard of review that applies in this action, the court concludes the petition for habeas corpus and all relief sought therein must be denied.

IT IS THEREFORE ORDERED that the petition for a writ of habeas corpus is denied.

**IT IS SO ORDERED.**

DATED:  This 13th day of May 2008, at Topeka, Kansas.


  s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge